**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JEFFREY FELDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC, PENNEY OPCO LLC d/b/a JCPENNEY, and AUTHENTIC BRANDS GROUP, LLC,<br><br>Defendants. | Case No. 4:26-cv-00649 |
| MICHAEL JATTA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00652 |
| BEVERLY HUDSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00655 |

| | |
|---|---|
| SHARI HOFMANN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00665 |
| ISAAC TELES-ROSARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00666 |
| PING WU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00668 |

**PLAINTIFFS' MOTION TO CONSOLIDATE THE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Jeffrey Feldman, Michael Jatta, Beverly Hudson, Shari Hofmann, Isaac Teles-Rosario, and Ping Wu (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, respectfully request the Court: (1) pursuant to Fed. R. Civ. P. 42(a), consolidate the above-captioned cases, as well as any related future actions filed or transferred to this Court against Defendants Catalyst Brands LLC, Penney Opco LLC d/b/a JCPenney, and Authentic Brands Group, LLC[1] ("Defendants"); (2) appoint Gerald D. Wells, III of Lynch Carpenter, LLP ("Lynch Carpenter") and Raina Borrelli of Strauss Borrelli PLLC ("Strauss Borrelli") as Interim Co-Lead Class Counsel (collectively, "Proposed Interim Class Counsel"); (3) stay the Related Actions (defined below) as to pleading and other deadlines; and (4) require the filing of a consolidated complaint within 45 days of entry of an order consolidating the cases and appointing Proposed Interim Class Counsel.

## I. **INTRODUCTION**

There have been six cases filed in the United States District Court for the Eastern District of Texas related to a data breach (the "Data Breach") experienced by Defendants. The Data Breach impacted an unknown number of individuals and resulted in the exfiltration of highly sensitive information including but not limited to names, Social Security numbers, dates of birth, W-2 tax records, payroll information, physical scans of government-issued identity documents, and driver's license numbers (collectively "Private Information"). The six cases are putative class actions and all name a combination of Catalyst Brands LLC, Penney Opco LLC d/b/a JCPenney, and Authentic Brands Group, LLC as the Defendants.

---

1 All Related Actions name defendants Catalyst Brands LLC, Penney Opco LLC d/b/a JCPenney, with the *Feldman* Action also naming Authentic Brands Group, LLC. Authentic Brands Group is a limited liability company that operates a portfolio of retail apparel brands, a portfolio which includes Penney Opco LLC d/b/a JCPenney, in partnership with Catalyst Brands, LLC. As a result, all Defendants are related entities for purposes of the Related Actions.

For the reasons set forth below, Plaintiffs respectfully request that the Court consolidate these related cases pursuant to FED. R. CIV. P. 42(a) and appoint Proposed Interim Class Counsel.

Plaintiffs will serve a copy of the Motion and accompanying materials on Defendants' Counsel in accordance with the Federal Rules and notify the Court accordingly.

## II. **BACKGROUND**

As discussed above, there are currently six putative class actions arising from the Data Breach recently announced by Defendants. Plaintiffs and putative class members are individuals whose personal, sensitive information was compromised in the breach. The cases filed to date are listed below (the "Related Actions"):

1. *Feldman v. Catalyst Brands LLC, Penney Opco LLC d/b/a JCPenney, and Authentic Brands Group, LLC*, No. 4:26-cv-00649 (filed on June 15, 2026, by the law firms of Lippe & Associates and Lynch Carpenter, LLP);

2. *Jatta v. Catalyst Brands LLC and Penney Opco LLC d/b/a JCPenney*, No. 4:26-cv-00652 (filed on June 15, 2026, by the law firm of Strauss Borrelli PLLC);

3. *Hudson v. Catalyst Brands LLC and Penney Opco LLC d/b/a JCPenney*, No. 4:26-cv-00655 (filed on June 15, 2026, by the law firms of K Stewart Law, P.C., and Israel David LLC);

4. *Hofmann v. Catalyst Brands LLC and Penney Opco LLC d/b/a JCPenney*, No. 4:26-cv-00665 (filed on June 17, 2026, by the law firms of Shamis & Gentile, P.A., and Milberg, PLLC);

5. *Teles-Rosario v. Catalyst Brands LLC and Penney Opco LLC d/b/a JCPenney*, No. 4:26-cv-00666 (filed on June 17, 2026, by the law firm of Ellzey Kherkher Sanford Montgomery, LLP); and

6. *Wu v. Catalyst Brands LLC and Penney Opco LLC d/b/a JCPenney*, No. 4:26-cv-00668 (filed on June 17, 2026, by the law firms of Strauss Borrelli PLLC and Ahdoot & Wolfson, PC).

## III. **ARGUMENT**

### A. The Related Actions Should Be Consolidated

Due to the overwhelming similarity of the Related Actions, consolidation is warranted. Each lawsuit arises from the same common set of operative facts—the Data Breach. Due to each Plaintiffs' reliance on the same set of operative facts, Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The above-captioned cases, the parties thereto, and the Court will be best served in a consolidated proceeding.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.").

"The purpose of consolidation is to permit trial convenience and economy in administration." *Air Crash*, 549 F.2d at 1014 (citation omitted). Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1013 (citation, quotations, and alterations omitted*); see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."). The following factors are pertinent to the decision of whether to consolidate actions:

> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if

> the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023).

Each Related Action involves common questions of law and fact, and all relevant factors weigh in favor of consolidation, which will promote efficiency and uniformity without prejudicing any party. The Court should therefore consolidate the Related Actions.

The Related Actions involve common factual and legal questions as they arise from the same occurrence: the Data Breach. Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach event. *See, e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Because the Related Actions are filed in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) (first factor satisfied where both actions filed in same district and division).

The second factor is likewise satisfied because the Related Actions are against a common party and seek to certify a national class of similarly situated individuals whose Private

Information was compromised in the Data Breach. *See Lockhart*, 2024 WL 303253, at *2 (fact that all cases filed on behalf of same class of data breach victims against same defendant supports consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering consolidation where "[b]oth cases involve essentially the same parties").

The third and fourth factors favor consolidation as well. On one hand, trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected. *See Lockhart*, 2024 WL 303253, at *2 (finding that "[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). On the other hand, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi*, 2009 WL 736057, at *2 ("[T]he court finds that the risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately.").

Regarding the fifth factor, consolidating the Related Actions will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for cases arising from the same Data Breach. This factor thus weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings, and no scheduling orders have been entered—the sixth factor weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co.*, 2013 WL 1411773, at *2 (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both"); *Zolezzi*, 2009 WL 736057, at *2 (ordering consolidation where "both actions are at the early stages of litigation").

Accordingly, because all factors weigh in favor of consolidation, the Court should consolidate the Related Actions.

**B. The Court Should Appoint Proposed Interim Class Counsel**

**a. Legal Standard for Appointment of Proposed Interim Class Counsel**

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v. Zaappaaz, Inc*., No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc*., 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).) Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**b. Appointment of Proposed Interim Class Counsel is Appropriate**

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous

class actions involving privacy claims on behalf of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion. Proposed Interim Class Counsel's work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

**i. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.**

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig*., No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;
- Interviewing people injured by the Data Breach;
- Researching legal claims;

- Drafting initial pleadings; and
- Organizing Plaintiffs and their counsel and discussing consolidating the actions for unified proceedings and preparing the consolidation and proposed leadership papers.

Proposed Interim Class Counsel are familiar with the facts and legal issues involved in this case and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed class. Proposed Interim Class Counsel conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources to advance the claims of Plaintiffs and the putative class.

**ii. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation.**

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g., Buettgen v. Harless*, 2011 U.S. Dist. LEXIS 53888, at *27 (N.D. Tex. May 19, 2011) (appointing class counsel with substantial experience in class actions and demonstrated knowledge of the relevant law). Proposed Interim Class Counsel have the experience and skill to prosecute this action efficiently and effectively. As set forth below, their resumes include extensive experience leading complex class actions, including data breach cases on behalf of hundreds of millions of consumers, and have been appointed to leadership positions in this District. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership

counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig*., 2015 WL 10890657, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

**<u>Proposed Interim Class Counsel</u>**

***Gerald D. Wells, III of Lynch Carpenter***

Mr. Wells has been practicing law for nearly twenty-five years and is nationally recognized as a leader in the class action field. He has spent his entire career representing plaintiffs in putative class actions. He recently joined the national class action firm Lynch Carpenter, LLP ("Lynch Carpenter") to help lead its Philadelphia, Pennsylvania office. He concentrates his practice on representing consumers in data breach and privacy litigation, as well as employees in wage and hour and ERISA class action litigation.

Prior to joining Lynch Carpenter, Mr. Wells was a founding partner at Connolly Wells & Gray, LLP. There, he represented clients in numerous ERISA and wage and hour class/collective actions. *See, e.g., Gedek v. Perez, et al.*, (*In Re Kodak ERISA Litig.*), No. 6:12-cv-06051 (W.D.N.Y.) (served as co-lead counsel in ERISA action that resulted in a $9.7 million class settlement); *Koenig v. Primanti Corp. et al.*, No. 2:16-cv-01402 (W.D. Pa.) ($2.1 million settlement on behalf of class and collective action members). He also served as trial counsel in *Verma v. 3001 Castor, Inc.*, No. 13-cv-3034 (E.D. Pa.), successfully obtaining a jury verdict of more than $4.5 million in class action alleging violations of Pennsylvania state wage and hour laws. That verdict was subsequently sustained by the Third Circuit, 937 F. 3d 221 (3d Cir. 2019). Throughout his career, he has been appointed as class counsel in numerous contested class actions. *See, e.g.,*

*Graham v. Famous Dave's of America*, No. 19-cv-00486 (D. Md.); *Wintjen v. Denny's, Inc.*, No. 19-cv-00069 (W.D. Pa.). He has also successfully argued at the appellate level. *See, e.g., Rafferty v. Denny's, Inc.*, 13 F.4th 1166 (11th Cir. 2021).

Since joining the Firm, Mr. Wells has been appointed to numerous leadership positions in analogous data breach matters, including, but not limited to, *In re Phia Group LLC Data Sec. Litig.,* No. 1:26-cv-10530-AK (D. Mass.) (co-lead counsel); *In re Huntington Hospitality Financial Corporation Data Breach Litigation*, No. 25-cv-2083 (N.D. Tex.) (co-lead counsel); *In re ConnectOnCall.com Data Breach Litig.*, No. 24-cv-08790 (E.D.N.Y.) (co-lead counsel); *Hudson et al. v. Pennsylvania State Ed. Assoc.*, No. 2025-cv-02411 (Ct. Cmn. Pleas. Dauphin Cnty.) (co-lead counsel); *Chapple v. Cross Valley Fed. Credit Union*, No. 2025-03497 (Ct. Cmn. Pleas Luzerne Cnty.) (lead counsel); *In re Fundamental Admin. Services, LLC Data Breach Litig.*, No. 25-cv-2754 (D. Md.) (co-lead counsel); *In re DBM Global Data Breach Litig.*, No. 25-cv-2950 (D. Az.) (co-lead counsel); *In re Institute of Culinary Education, Inc. Data Privacy Incident*, No. 25-cv-8479-MMG (S.D.N.Y.) (co-lead counsel); *In re Manpower of Lansing MI Inc. Data Breach Litig.*, No. 25-cv-956 (W.D. Mich.) (co-lead counsel); and *In re Radiology Associates of Richmond Data Breach Litigation*, No. 25-cv-518 (executive committee member).

Further, Lynch Carpenter itself has extensive experience in data breach and privacy litigation. As set forth in more detail in Lynch Carpenter's firm resume, the firm has been at the forefront of data breach and privacy litigation and has generated seminal legal authority in both trial and appellate courts on data privacy issues. For example, Lynch Carpenter (then known as Carlson Lynch) forged the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The Pennsylvania Supreme Court issued a landmark opinion—reversing the two lower courts—

acknowledging that general principles of negligence support imposing a common law duty on those who collect and store personally identifying information to reasonably safeguard such information from cyber-attacks. *See Dittman*, 196 A.3d at 1047.

Lynch Carpenter has also been instrumental in producing significant recoveries for its clients in data breach and privacy class actions: *In re Wawa, Inc. Data Sec. Litig.*, No. 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel; final approval pending of settlement providing up to $37.5 million in monetary relief); *In re Home Depot Customer Data Sec. Breach Litig.*, No. 2583 (N.D. Ga.) (financial institution track; final approval of class settlement of $27 million); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 2800 (N.D. Ga.) (financial institution track; final approval of class settlement of $7.75 million plus injunctive relief); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-0506, (W.D. Pa.) (financial institution track; final approval of class settlement of $50 million); and *In re TikTok, Inc., Consumer Priv. Litig.*, No. 2948 (N.D. Ill.) (co-lead counsel; final approval of class settlement providing $92 million in monetary relief for the class). Lynch Carpenter has also obtained court-appointed leadership roles in numerous other major privacy and data breach cases, including: *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 2522 (D. Minn.) (appointed to the Executive Committee managing the litigation on behalf of all plaintiffs, consumers, financial institutions, and shareholders; settled for $10 million for consumers and $39 million for financial institutions); *In re Vizio, Inc. Consumer Priv. Litig.*, No. 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement).

Given Mr. Wells' experience and Lynch Carpenter's deep institutional knowledge, Mr. Wells will provide the Court and the putative class with a seasoned litigator from one of the premier

law firm's with deep institutional knowledge in this direct area of law. Such a combination will be critical to the successful management of this type of litigation.

Additional information regarding Mr. Wells and his firm is set forth in the Lynch Carpenter resume attached hereto as **Exhibit B**.

***Raina Borrelli of Strauss Borrelli***

Raina Borrelli is a is a founding partner of Strauss Borrelli PLLC where she leads the firm's class action litigation practice. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and has litigated data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *Foster et al. v. Lower, LLC,* No. 1:22-cv-1581 (GLR) (D. Md.) (data

breach class action resulting in a $1,425,000 common fund settlement for the class of data breach victims); *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *In re Thompson Coburn Data Security Litig.*, 4:24-cv-1509 (E.D. Mo.) (appointed interim co-lead class counsel); *In re CDK Global Data Security Consumer Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed interim co-lead counsel); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Darrin et al. v. Huntington Ingalls Indus.*, 4:23-cv-00053 (E.D.V.A.) (appointed interim co-lead class counsel); *Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel); *In re CDK Global Data Security Breach Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel); *Garcia et al. v. Set Forth, Inc. et al.*, 1:24-cv-11688 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel following contested motion practice); *In re Kelly Benefits Data Breach Litig.*, 1:25-cv-01304 (D. Md.) (appointed Interim Co-Lead Class Counsel following contested motion practice); *In re Johnson Controls, Inc. Data Incident Litig.*, 25-cv-00955 (E.D. Wis.) (appointed Interim Co-Lead Class Counsel).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Murray, et al. v.*

*Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); and *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.)

Ms. Borrelli's extensive experience in complex class action litigation generally, and data breach litigation specifically, make her uniquely situated to serve as Co-Lead Class Counsel in this matter.

Additional information regarding Ms. Borrelli and her firm is set forth in the Strauss Borrelli resume attached hereto as **Exhibit C**.

**iii. Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.**

The resources that Proposed Interim Class Counsel have already committed and will continue to commit to the case also strongly support the appointment of Proposed Interim Class Counsel. As demonstrated above, Proposed Interim Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to file this leadership proposal and

to consolidate the Related Actions. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and capacity to see this litigation through to its conclusion, including trial.

If appointed, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the putative class.

**iv. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel.**

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. *See* Manual for Complex Litigation § 10.21. Selecting lawyers who have previously worked together has many benefits, and Proposed Interim Class Counsel are well suited to jointly prosecute the consolidated action because they have a history of working cooperatively and inclusively with themselves and other counsel, including defense counsel.

**C. The Court Should Set a Schedule for Filing a Consolidated Complaint**

Plaintiffs propose an expeditious and efficient schedule for the Consolidated Action. Specifically, they propose filing an operative, Consolidated Class Action Complaint within forty-five (45) days from the date on which the order consolidating the cases is entered. Defendants would be relieved from responding to the initial complaints filed in the six cases in the interim.

f..Ꜣ **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order to (1) consolidate the above-captioned Related Actions pursuant to FED. R. CIV. P. 42(a)

under the title "*In re Catalyst Brands LLC, Penney Opco LLC d/b/a JCPenney, and Authentic Brands Group, LLC Data Breach Litigation*"; (2) appoint Gerald D. Wells, III of Lynch Carpenter, LLP and Raina Borrelli of Strauss Borrelli PLLC as Interim Co-Lead Class Counsel; (3) stay the Related Actions as to pleading and other deadlines; and (4) require the filing of a consolidated complaint within 45 days of entry of an order consolidating the cases and appointing Proposed Interim Class Counsel. A Proposed Order granting the relief sought herein is attached hereto as **Exhibit A**.

Dated: June 18, 2026

Respectfully submitted,

*/s/ Emil Lippe, Jr.*
Emil Lippe, Jr. (SBN 12398300)
**LIPPE & ASSOCIATES**
Park Place at Turtle Creek
2911 Turtle Creek Blvd., Suite 1250
Dallas, Texas 75219
Tel. (214) 855-1850
Fax. (214) 720-6075
emil@texaslaw.com
*Local Counsel for Plaintiff and the Proposed Class*

*/s/ Raina Borrelli*
Raina Borrelli*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III*
**LYNCH CARPENTER, LLP**
1760 Market Street, Suite 600

Philadelphia, PA 19103
T: 267-609-6910
F: 267-609-6955
jerry@lcllp.com

*Proposed Interim Class Counsel*

Camile Alvarez (SBN 24148788)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
calvarez@straussborrelli.com

Kelly Stewart (SBN 19221600)
**K STEWART LAW, P.C.**
4597 Belfort Avenue
Dallas, Texas 75205
Telephone: (972) 308-6166
kelly@kstewartlaw.com

Israel David*
Adam M. Harris*
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Telephone: (212) 350-8850
israel.david@davidllc.com
adam.harris@davidllc.com

Mark A. Cianci*
**ISRAEL DAVID LLC**
399 Boylston Street, Floor 6, Suite 23
Boston, Massachusetts 02116
Telephone: (617) 295-7771
mark.cianci@davidllc.com

Leanna A. Loginov
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
lloginov@shamisgentile.com

John J. Nelson*
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse Suite
Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

Leigh S. Montgomery (SBN 24052214)
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
lmontgomery@eksm.com

Camile Alvarez (SBN 24148788)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
calvarez@straussborrelli.com

Andrew W. Ferich*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

*Additional Counsel for Plaintiffs and the Proposed Class*

* *pro hac vice* application forthcoming

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 18, 2026, the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Emil Lippe, Jr.*
Emil Lippe, Jr.