**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JEFFREY FELDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC, PENNEY OPCO LLC d/b/a JCPENNEY, and AUTHENTIC BRANDS GROUP, LLC,<br><br>Defendants. | Case No. 4:26-cv-00649 |
| MICHAEL JATTA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00652 |
| BEVERLY HUDSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00655 |

| | |
|---|---|
| SHARI HOFMANN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00665 |
| ISAAC TELES-ROSARIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00666 |
| PING WU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CATALYST BRANDS LLC and PENNEY OPCO LLC d/b/a JCPENNEY,<br><br>Defendants. | Case No. 4:26-cv-00668 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE THE RELATED ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

**WHEREAS**, Plaintiffs Jeffrey Feldman, Michael Jatta, Beverly Hudson, Shari Hofmann, Isaac Teles-Rosario, and Ping Wu (collectively "Plaintiffs") have moved (the "Motion") for consolidation of their actions under Fed. R. Civ. P. 42(a) and appointment of Gerald D. Wells, III of Lynch Carpenter, LLP and Raina Borrelli of Strauss Borrelli PLLC and Interim Co-Lead Class Counsel; and **WHEREAS**, the Court has carefully reviewed the motion and proposal of the parties, including all files, records, and prior proceedings to date in this matter, and good cause appearing based on the record, **IT IS ORDERED** that Plaintiffs' Motion is GRANTED as follows:

1. The above-captioned actions shall be CONSOLIDATED for all purposes into the *Feldman* action, which is the lowest numbered case. All future pleadings, motions, briefs, and other papers shall be filed in the *Feldman* action, Case No. 4:26-cv-00649, which shall hereinafter be a Consolidated Action. The Clerk is DIRECTED to close the remaining action(s);

2. All papers filed in the Consolidated Action shall be filed under Case No. 14:26-cv-00649, the number assigned to the first-filed case, and shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE CATALYST BRANDS LLC,<br>PENNEY OPCO LLC D/B/A JCPENNEY,<br>AND AUTHENTIC BRANDS GROUP, LLC<br>DATA BREACH LIGITATION | CASE NO: 4:26-cv-00649 |

3. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it

appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action;

4. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Gerald D. Wells, III of Lynch Carpenter, LLP and Raina Borrelli of Strauss Borrelli PLLC as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;
- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;
- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);
- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;
- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;
- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;
- Prepare and distribute periodic status reports to the parties;
- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;
- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

5. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

6. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

7. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

8. Plaintiffs shall file a consolidated complaint no later than 45 days after entry of this Order;

9. Unless otherwise ordered, Defendants shall respond to the consolidated complaint as set forth in the Federal Rules of Civil Procedure for responding to an amended pleading;

10. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions

filed in or transferred or removed to this Court relating to the fact and the data breach underlying this litigation.

11. This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED**